IN THE DISTRICT COURT FOR OKLAHOMA COUNTY
STATE OF OKLAHOMA

KIMBERLY B. TURNER, LONZETTA MORRISON )
as Personal Representatives of the Estate of ROBIN )
LEANDER HOWARD, deceased, )
 )
        Plaintiffs, ) Case No.: **CJ - 2013 - 7114**
 )
v. )
 ) *FILED IN DISTRICT COURT*
THE CITY OF OKLAHOMA CITY, OKLAHOMA; ) *OKLAHOMA COUNTY*
JEFF COFFEY, Individually and in his official capacity )
as a police officer; DOUGLAS GRADY, individually and ) *DEC 31 2013*
in his official capacity as a police officer, and BILL )
CITTY, individually and in his official capacity as CHIEF ) *TIM RHODES*
OF POLICE, ) *COURT CLERK*
 ) *33*
        Defendants. )

## PETITION

   COMES NOW, the Plaintiffs, above-named, and for their cause of action against the

defendants hereby allege and state as follows:

## PARTIES, JURISDICTION, VENUE

   1.  At all times pertinent to this case, Plaintiffs Kimberly B. Turner and Lonzetta

Morrison were the duly appointed personal representatives of the Estate of Robin Howard,

deceased, and were residents of Oklahoma City, Oklahoma County, Oklahoma. They bring this

action on behalf of the Estate of Robin Howard, deceased.

   2.  Defendant, City of Oklahoma City (hereafter "City") is a Political Subdivision of

the State of Oklahoma and is charged, through its Police Department, with the law enforcement

responsibilities of the City of Oklahoma City, Oklahoma. The City of Oklahoma City,



Oklahoma, by and through its Chief of Police, Bill Citty and the Police Department, was at all times material hereto under a duty to run its policing activities in a lawful manner so as to preserve the peace of the City of Oklahoma City and to preserve to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitution and the laws of both the United States and the State of Oklahoma.

3.     At all times pertinent herein, Defendants Jeff Coffey and Doug Grady were all duly commissioned law enforcement officers of the City of Oklahoma City Police Department and were the officers involved in the apprehension of the decedent Robin Howard. These defendants are sued individually and in their official capacities as members of the City of Oklahoma City Police Department.

4.     At all times pertinent hereto, Defendant Bill Citty was the Chief of Police for the City of Oklahoma City. He is sued individually and in his official capacity as Chief of the Oklahoma City Police Department.

5.     This action is brought against a Political Subdivision of the State of Oklahoma pursuant to the Governmental Tort Claims Act ("Act"), 51 O.S. § 151, et seq..

6.     In compliance with § 156 of the Act, Plaintiffs filed notice of their claim in writing on or about May 30, 2013 with the City of Oklahoma City Clerk's Office.

7.     Plaintiffs' Claim was deemed denied under § 157(A) because the City of Oklahoma City did not approve the claim within the 90-day period.

## FACTS

8.     Plaintiffs hereby incorporate, in their entirety, paragraphs 1 through 7 as set forth above and by reference make said Paragraphs a part hereof as if fully set forth herein.

9.     On June 19, 2012, at approximately 1:25 p.m., Robin Leander Howard, was

operating his vehicle in the 1400 block of Monticello Ct., in Northeast Oklahoma City, Oklahoma County, Oklahoma.

10.     Upon information and belief, Officers Coffey and Grady attempted to stop the vehicle operated by Robin Leander Howard for alleged traffic violations.

11.     When Mr Howard refused to voluntarily stop his vehicle, a short pursuit ensued between Officers Coffey and Grady, and Mr Howard. The pursuit involved Mr Howard colliding with another car, and subsequently crashing into a pole and ended up fleeing on foot.

12.     Upon Information and belief, when Officers Coffey and Grady caught up with Robin Leander Howard, the officers used force to restrain and subdue him by hitting Howard numerous times in the chest, the ribs, left arm, pursuant to Oklahoma City Police Department's policy, practice or custom, in reckless disregard for the welfare of Robin Howard, which resulted in fracturing his ribs, and laceration of the diaphragm.

13.     As a result of this altercation, Mr Howard sustained severe injuries, and the medical personnel that was summoned were turned away upon arrival by the Oklahoma City Police officers at the scene.

14.     Thereafter, officers of the Oklahoma City Police handcuffed Mr Howard and transported him in a police vehicle  to Integris Southwest Medical Center where it was determined that Mr Howard needed to stay for further observation.

15.     At Integris Southwet Medical Center, Robin Howard was diagnosed with left pneumothorax, left posterior rib fractures, left pulmonary contusion, fractures of the transverse processes, and left proximal humerus fracture. Three days after his admission to the hospital, Robin Howard died of his injuries.

16.     As a result of the incident, the Oklahoma City Police Department, by and through

Defendant Chief Bill Citty, conducted an investigation of the events and concluded that all officers acted in conformance with the rules, regulations, policies, practices and customs of the City of Oklahoma City Police Department and the laws of the State of Oklahoma and the laws of the United States Government.

17.     The City of Oklahoma City ratified and approved the conduct of the officers involved by exonerating them of any wrongdoing and without disciplining them such that the actions of the officers involved in the incident constitute the policies, practices, and customs of the Oklahoma City Police Department.

18.     As a direct and proximate result of the foregoing events, Robin Howard received numerous injuries which resulted in his death. The Medical Examiner's Office attributed the cause, and manner of death of Robin Howard to blunt force, and homicide.

19.     The Findings of the autopsy report of Robin Howard, prepared by the Medical Examiner's Office stated that "the fractures and the broken arm may have been the result of the Oklahoma City Police Officer(s) detaining the decedent." The autopsy Findings also showed that the damage to the vehicle driven by Robin Howard when he crashed into a pole "was very minor".

20.     At all times material herein, the officers of Oklahoma City Police Department were acting in their official capacities and by virtue of their positions as law enforcement officers of the Oklahoma City Police Department.

21.     In an attempt to conceal the conduct and acts of the Defendants Coffey and Grady, the City of Oklahoma City by and through its Chief of Police and other officers refused to notify the next of kin of Robin Howard of his hospitalization and his death in police custody until four days after Robin Howard died. The City attributed Robin Howard's injuries and

consequential death to the vehicular accident which occurred during the police pursuit, and

Robin Howard resisting arrest.

### FIRST CAUSE OF ACTION, ARTICLE 2, § 30 OF THE OKLAHOMA CONSTITUTION--- DOUGLAS GRADY, JEFF COFFEY, BILL CITTY, AND THE CITY OF OKLAHOMA CITY.

22.     Plaintiffs hereby incorporate, in their entirety, paragraphs 1 through 21 as set forth

above and by reference make said Paragraphs a part hereof as if fully set forth herein.

23.     The actions of Defendants Grady, Coffey were objectively unreasonable under the

circumstances and exceeded the force necessary in violation of Article 2, § 30 of the Oklahoma

Constitution for which Coffey and Grady are liable in their individual capacities and for which

the Chief of Police Bill Citty, and The City of Oklahoma City are liable under a theory of

*respondeat superior*.

24.     The actions of Defendants Grady and Coffey were taken within the scope of their

employment and in furtherance of a policy or practice of the City of Oklahoma City that

condoned the use of excessive force in violation of Article 2, Section 30 of the Oklahoma

Constitution for which the City of Oklahoma City, and Bill Citty are liable.

### SECOND CAUSE OF ACTION----ASSAULT & BATTERY- COFFEY, GRADY AND THE CITY OF OKLAHOMA CITY

25.     Plaintiffs incorporate herein by reference all of the allegations heretofore made, and

further alleges and states as follows:

26.     To the extent that a jury determines that the actions of Grady and Coffey were

malicious and outside the scope of their employment, the actions of Grady and Coffey are not

protected by the Governmental Tort Claims Act, and they remain personally liable to Plaintiffs under

state law.

## THIRD CAUSE OF ACTION—WANTON AND RECKLESS
## CONDUCT-AGAINST COFFEY, GRADY AND BILL CITTY

27.     Plaintiffs incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

**28.**     While holding the Plaintiffs' decedent in their custody and control, the Defendants engaged in wanton, reckless and/or gross negligent conduct thereby inflicting pain and physical harm upon Robin Howard.

29.     The aforesaid alleged acts and conduct of the Defendants were either intentional, knowing, willful and purposeful or negligent and did  cause the deceased,  Robin Howard harm.

30.     As a direct and proximate result of the Defendants' wanton, reckless, intentional and/or negligent conduct, the deceased,  Robin Howard sustained injuries and the Plaintiffs are entitled to damages.

## FOURTH CAUSE OF ACTION–INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS

31.     Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

32.     The aforesaid alleged conduct of the individual Defendants was intentional, knowing, willful and purposeful and was outrageous beyond all bounds of human decency which a civilized society should tolerate, and the Defendants knew or should have known that their said conduct would inflict severe emotional distress upon the Plaintiffs.

33.     Plaintiffs and their decedent have suffered physical, mental and emotional distress, and including pain and suffering, and other damages as a result of the aforesaid alleged acts and conduct of the individual Defendants.

## FEDERAL CAUSES OF ACTION

### FIFTH CAUSE OF ACTION-- 42 U.S.C. §1983 CLAIM FOR INDIVIDUAL DEFENDANTS

34.     Plaintiffs incorporate herein by reference all of the allegations heretofore made, and further alleges and states as follows:

35.     The individual Defendants, Coffey and Grady committed the above described actions and/or omissions under the color of law and by virtue of their authority as police officers of the City of Oklahoma City Police Department and substantially deprived Robin Howard of his rights, privileges and immunities guaranteed to him as a citizen of the United States in violation of 42 U.S.C. § 1983, and deprived Robin Howard of the rights guaranteed to him by the First, Fourth, Eighth, and Fourteenth Amendments of the United States Constitution including, but not limited to:

        a.     Freedom of expression;

        b.     Freedom from unlawful arrest and seizure of his person;

        c.     Freedom from the use of unreasonable, unjustified and excessive force;

        d.     Freedom from the deprivation of liberty without the due process of law;

        e.     Freedom from cruel and unusual punishment;

        f.     Freedom from summary punishment;

36.     As a direct and proximate result of the Defendants' acts or omissions, Robin Howard was killed.

### SIXTH CAUSE OF ACTION—42 U.S.C. §1983 CLAIM AGAINST CITY OF OKLAHOMA CITY, BILL CITTY, JEFF COFFEY, AND DOUG GRADY

37.     Plaintiffs hereby incorporate, in their entirety, paragraphs 1 through 36 as set forth above and by reference make said paragraphs a part hereof as if fully set forth herein.

38.     At all times material hereto, the Defendants involved were acting by virtue of the laws of the state of Oklahoma and by virtue of their positions as law enforcement officers or employees of the City of Oklahoma City Police Department.

39.     Defendants permitted, encouraged, and tolerated an official pattern, practice or custom of its police officers violating the constitutional rights of the public at large, including Robin Howard.

40.     The beating inflicted upon the Plaintiff by the Defendants was unjustified, unreasonable, excessive and grossly disproportionate to the actions of Robin Howard, if any, and constituted the use of excessive and unreasonable force in violation of the rights secured to Robin Howard by the Fourth Amendment, Eighth Amendment and Fourteenth Amendment of the United States Constitution and 42 U.S.C. sec. 1983.

41.     Alternatively, the Defendants City of Oklahoma City, and Bill Citty are liable for the unconstitutional actions of the officers involved in this incident due to the rules, regulations, policies, practices or customs of Oklahoma City Police Department which were in effect at the time of this incident and which were the underlying cause of Robin Howard's death:

a.      The City of Oklahoma City by and through its Police Department failed to adequately train and educate its officers in the use of force and the use of deadly force creating an atmosphere of illegal and unconstitutional behavior with respect to the use of force in deliberate indifference and reckless disregard to the welfare of the public at large, including Robin Howard;

b.      The City of Oklahoma City by an through its Police Department failed to train and educate its officers with respect to use of force applications which it knew that its officers were utilizing in the field and which posed a serious risk of personal injury including, but not limited to, the use of the physical assault and beatings on citizens, in deliberate indifference and reckless disregard to the welfare of the public at large, including Robin Howard;

c.      The City of Oklahoma City by and through its Police Department repeatedly and knowingly failed to discipline its officers with respect to violations of the laws of the State of Oklahoma, the Constitution of the United States, and its own policies regarding the use of force, and creating a pattern, policy, practice, custom or atmosphere where such illegal and unconstitutional behavior is tolerated, condoned and accepted by The City of Oklahoma City Police Department in deliberate indifference and reckless disregard to the public at large, including Robin Howard;

d.      The City of Oklahoma City by and through its Police Department failed to adequately monitor and evaluate the performance of its officers and their use of force applications in deliberate indifference and reckless disregard to the public at large, including Robin Howard;

e.      The City of Oklahoma City Police Department failed to adequately respond to and investigate complaints regarding officer misconduct by the citizenry, including, but not limited to, complaints regarding the use of deadly, excessive or unreasonable force, to escape liability creating a policy, practice, custom or atmosphere where such illegal and unconstitutional behavior is ratified, condoned or approved in deliberate indifference and reckless disregard to the rights of the public at large, including the Plaintiffs.

f.      The City of Oklahoma City by an through its Police Department has a policy, practice or custom of exonerating officers regarding complaints of misconduct, including, but not limited to, complaints regarding excessive or unreasonable force, in order to escape liability and creating an atmosphere where illegal and unconstitutional behavior is condoned, tolerated, acquiesced or approved in deliberate indifference and reckless disregard to the rights of the public at large, including the Plaintiffs.

g.      The City of Oklahoma City by and through its Police Department failed to adequately train and educate its officers with respect to providing medical attention to persons

sustaining injuries while in custody in deliberate indifference and reckless indifference to the welfare of the public at large, including the Plaintiffs;

   h. The City of Oklahoma City by and through its Police Department has a policy, practice or custom of allowing its officers to use deadly, excessive and/or unreasonable force without fear of discipline creating an atmosphere where such behavior is accepted, approved and ratified in reckless disregard and deliberate indifference to the welfare of the public at large, including the Plaintiffs;

   i. The City of Oklahoma City by and through its  Police Department allows its officers to engage in conduct that violates the constitutional rights of persons in custody, including Mr. Robin Howard,  without fear of reprimand, discipline or termination creating an atmosphere where such unconstitutional behavior is ratified, tolerated, acquiesced or condoned, in reckless disregard and deliberate indifference to the welfare of the public, including the Plaintiffs.

   j. The City of Oklahoma City by and through its  Police Department has a policy, practice or custom of improperly and inadequately investigating complaints by citizens regarding police behavior including, but not limited to, evidence gathering and crime scene investigation, in order to escape liability creating a atmosphere where officers violate the constitutional rights of citizens without fear of discipline in reckless disregard and deliberate indifference to the public at large, including the Plaintiffs.

   k. The City of Oklahoma City by and through its  Police Department has a policy, practice and custom of failing to seek criminal prosecution against officers whose behavior violates the laws of the State of Oklahoma and the United States of America in order to escape liability, in reckless disregard and deliberate indifference to the welfare of the public at large, including the Plaintiffs.

  42. Alternatively, these Defendants are liable for the actions of its officers by virtue of the

fact that the officers involved in this incident were not reprimanded, disciplined or terminated, and, accordingly, these Defendants ratified, condoned, acquiesced or approved their conduct in this matter in all respects.

43.     The aforementioned actions of the individual officers which were proximately caused by the policies, practices and customs of these Defendants were the underlying cause of the Robin Howard's injuries, death and damages.

## DAMAGES

44.     Plaintiffs hereby incorporate, in their entirety, Paragraphs 1 through 43 as set forth above and by reference make said Paragraphs a part hereof as if fully set forth herein.

45.     As a direct and proximate result of the aforementioned actions of the Defendants, Robin Howard was killed. The damages for which the Plaintiffs seek compensation on behalf of Robin Howard from the Defendants, both jointly and severally, include, but are not limited to, the following:

      a.     The wrongful death of her son, Robin Howard;

      b.     Physical Pain and Suffering;

      c.     Emotional Pain and Suffering;

      d.     Medical Expenses;

      e.     Loss of Enjoyment of Life;

      f.     Loss of Earning Capacity;

      g.     Loss of Services of Robin Howard;

      h.     Funeral Expenses;

      i.     Punitive damages against the applicable Defendants;

      k.     Pre and post judgement interest;

l.      All such further relief, both general and specific, to which she may be entitled

under the premises.

## PRAYERS FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs pray for judgment

against the Defendants, both jointly and severally, for the following:

a.      A declaratory judgment that the policies, practices or customs of the Oklahoma

City Police Department complained of herein are illegal and unconstitutional;

b.      Compensatory damages in the amount to be determined by the jury;

c.      Punitive damages against the applicable Defendants in the amount to be

determined by the jury;

e.      Pre and Post Judgment Interest;

f.      All such further relief, both general and specific, to which the Plaintiffs may be

entitled under the premises;

Respectfully Submitted,

_____

E. Ed Bonzie, OBA# 15190
Attorney for the Plaintiffs
8201 S. Walker
Oklahoma City, OK 73139
405-631-1021
405-616-2488 Fax



THE
LAW
OFFICE
OF

**DAVID SLANE & ASSOCIATES**

May 30, 2013

Oklahoma City Clerk
200 N. Walker
Oklahoma City, OK 73102

Re:    Robin Howard tort claim

Dear Oklahoma City Clerk:

Please accept this letter as a claim against the City of Oklahoma City and its
employees and agents.

The claim is based upon Mr. Robin Howard's death on June 23, 2012 while in
Oklahoma City Police custody and hospital. Mr. Howard was arrested by Oklahoma City
Police Department and received bodily injuries and ultimately died, we believe as a result
of those injuries. All acts occurred while officers were acting within the scope of their
employment.

Further, the claim is based on intentional or unintentional or accidental injuries
from Oklahoma City personnel or agents. To include but not limited to civil rights
violations, negligence and failure to follow proper polices and procedures and or train or
control Oklahoma City employees.

The claim made is for the maximum amount of money allowed under Oklahoma
law.

Respectfully,

David R. Slane

DRS\ba



PLAINTIFF'S
EXHIBIT
A