## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KIMBERLY B. TURNER, as Personal Representative of the Estate of ROBIN LEANDER HOWARD, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-14-112-W |
| THE CITY OKLAHOMA CITY, OKLAHOMA; JEFF COFFEY, Individually and in his official capacity as a police officer; DOUGLAS GRADY, individually and in his official capacity as a police officer, and BILL CITY, individually and in his official capacity as Chief of Police | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANTS COFFEY AND GRADY MOTION FOR SUMMARY JUDGMENT

E. Ed Bonzie, OBA# 15190
E. Ed Bonzie, P.C.
8201 S. Walker
Oklahoma City, OK 73139
405-631-1021
405-616-2488 Fax
Ed@edbonzielaw.com
Attorney for Kimberly Turner as Personal Representative of the Estate of Robin Leander Howard, Deceased

Dated: December 16, 2015

# TABLE OF CONTENTS

TABLE OF CONTENTS.....................................................................................i

TABLE OF AUTHORITIES............................................................................ii, iii

PLAINTIFF'S STATEMENT OF DISPUTED MATERIAL FACTS...............3

ARGUMENT AND AUTHORITY...................................................................5

      PROPOSITION I ........................................................................................5

            SUMMARY JUDGMENT IN DEFENDANTS'
            FAVOR IS NOT WARRANTED IN THE
            INSTANT MATTER.....................................................................5

      PROPOSITION II .......................................................................................7

            BECAUSE COFFEY AND GRADY'S CONDUCT
            MAY BE FOUND TO BE OUTSIDE THE SCOPE
            OF THEIR EMPLOYMENT, PLAINTIFF'S BOSH
            CLAIM MUST NOT BE DISMISSED.....................................7

      PROPOSITION III ...................................................................................17

            DEFENDANTS ARE NOT ENTITLED TO
            QUALIFIED IMMUNITY............................................................17

# TABLE OF AUTHORITIES

*Acton v. Culbertson, 132 P. 812, 816 (Okla. 1913)*............................................................14

*Anderson v. Creighton, 483 U.S. 635, , 640 (1987)*............................................................18

*Bolden v. PRC Inc., 43 F. 3d 545, 548 (10th Cir. 1994)*......................................................6

*Bosh v. Cherokee County Building Authority, 2013 OK 9, 305 P. 3d 994, 997*............................................................................................................................7, 8, 9

*Cavanaugh v. Woods Cross City, 625 F. 3d 661, 664 (10th Cir. 2010)*..............................18

*Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)*............................................................6

*Comstock v. Little, Okl., 359 P.2d 704, 705 (syllabus § 3)*................................................15

*Crockett v. Mckenzie, 867 P.2d 463, 464 (Okl. 1994*..........................................................6

*Finn v. New Mexico, 249 F.3d 1241, 1250 (10th Cir. 2001)*................................................18

*Flick v. Crouch, 434 P.2d 256, 262 (Okl. 1967)*..................................................................6

*Flowers v. Stanley, 1957 OK 237, 316 P. 2d 840, 847*........................................................16

*Floyd v. Dodson, 692 P.2d 77, 81 (Okla. 1984)*..................................................................13

*Fox v. Oklahoma Memorial Hospital, 774 P.2d 459, 462 (Okl. 1989)*................................6

*Gallagher v. Enid Regional Hosp., 1995 OK 137, 910 p.2d 984, 986)*..............................16

*Ganas v. Tselos, 157 Okl. 107, 11 P.2d 751, 751 (syllabus § 7), 755*................................15

*Graham v. Connor, 490 U.S. 386, 397, 109 S. Ct. 1865, 104 L. Ed 2d 443 (1989)*...........18

*Hadnot v. Shaw, 826 P.2d 978, 985 (Okl. 1992)*..................................................................6

*Harlow v. Fitzgerald, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982)*........17

*Hawk Wing c. Lorton, 2011 OK 42, 261 P. 3d 1122, 1127* .................................................16

*Hightower v. Kansas City Southern Railroad Company, 2003 OK 45, 70 P.3d 835, 850*....................................................................................................................................12

*Hom v. Squire, 81 F. 3d 973, (10th Cir. 1996)*....................................................................6

*Kimberly  v. Dewitt, 1980 OK CIV APP2, 606 P. 2d 612*....................................................15

*Lavender v. Craig General Hospital, 2013 OK CIV APP 80*...............................................16

*Lawmaster v. Ward, 125 F.3d 1341, 1353 (10th Cir. 1997)*..................................................9

*Miller v. Miller, 956 P.2d 887, 901 (Okla. 1998)*.........................................................10, 11

*Overton v. State, 606 P.2d 586 (Okla. Crim. 1979)*............................................................12

*Perry v. City of Norman, 2014 OK 119, 341 P.3d 689*........................................................8,9

*Phelps v. Hotel Management, Inc., 925 P.2d 891(Okl. 1996)*................................................6

*Prichard v. City of Oklahoma City, 1995 OK 5, 975 P. 2d 914*.........................................20

*Ritchey v. Rains, 374 P.2d 772 (Okla. Crim. App. 1972)*...................................................12

*Rodebush by and through Rodebush v. Oklahoma Nursing Homes, Limited, 867 P.2d 1241 (Okla. 1993)*.............................................................................................................13

*Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272, (2001)*...............17

*Saucier, 533 U.S. at 202*.......................................................................................................18

*Schmidt v. Warehouse Market, 586 P.2d 724, 726 (Okla. 1978)*.......................................14

*Scrivner v. Hillcrest Medical Center, 1992 OK CIV APP 117, 866 P.2d 437, 441*...........12

*Shuman v. Laverne Farmers Coop, 1991 OK CIV APP 2, 809 P.2d 76, 79)*................12,13

*Slocum v. Phillips Petroleum, 678 P.2d 716, 719 (Okla. 1983)*.........................................13

*Thiry v. Armstrong World Industries, 661 P.2d 515 (Okla. 1983)*....................................12

*Washington v. Berry, 2002 OK 45, 55 P. 3d 103*..................................................................7

*Wilson v. Layne, 526 U. S. 603, 615, 143 L. Ed. 2d 818, 119 S. Ct. 1692 (1999)*.............18

iii

**IN THE UNITED STATES DISTRICT COURT OF OKLAHOMA**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KIMBERLY B. TURNER and LONZETTA MORRISON, as Personal Representatives of the Estate of ROBIN LEANDER HOWARD, deceased, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. CIV-14-112-W |
| | ) |
| THE CITY OF OKLAHOMA CITY, JEFF COFFEY, Individually and in his official capacity, ET AL., | ) ) ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANTS COFFEY AND GRADY'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the Plaintiff, above-named, by and through her attorney of record, E. Ed Bonzie, and objects to the Motion For Summary Judgment filed herein by Defendants Coffey and Grady, on the grounds that there are substantial material issues of fact sufficient enough to preclude summary judgment in this case. In support thereof, Plaintiff submits the following brief.

## INTRODUCTORY STATEMENT OF FACTS

Plaintiff filed this lawsuit on behalf of the estate of her brother, Robin Howard, deceased. Robin Howard was a fifty-four (54) years old man who was living with his

mother, who is an Alzheimer's patient in Oklahoma City. Robin Howard was five feet eight inches(5'8") tall, and one hundred and thirty-nine (139 ) pounds. On June 19, 2012, Robin Howard was driving his mother's car, a Lincoln town car, to attend a doctor's appointment. *En route*, Robin Howard decided to pick up a friend to accompany him to the doctor's appointment. Howard came to an intersection, and failed to stop at the stop sign. The police saw Howard's traffic violation, and attempted to stop Howard. Because Howard was driving with a suspended driver's licence, he did not stop and a low-speed police chase ensued.

During the pursuit, Howard side swiped another vehicle at a low impact and continued traveling through the neighborhood. He drove through the backyard of a residence and struck a clothesline post also at a low impact. Howard exited the car and tried to flee on foot. Howard attempted to jump the chain-link fence. Officer Jeffrey Coffey followed Howard on foot for a short distance and caught up with him when Howard tried to jump the fence.  Officer Coffey immediately took Howard to the ground with Howard's hands pinned under his belly. Officer Coffey was joined by Officer Grady and in their attempt to arrest Howard, applied knee strikes and punched Howard in the ribs for about three or four times before he was taken into custody.

At the scene of the incident, the emergency response team that showed up was turned away by the police officers without having to evaluate Howard. However, when the officers took  Howard into custody, he was not taken to the county jail. Rather, he was

taken to the Integris Southwest Medical Center where Howard was admitted, and diagnosed with fracture of four (4) ribs; fracture of left humerus; fracture of two (2) lumbar vertebrae; and a punctured left lung. Howard died five (5) days later in the intensive care unit of the hospital. The Medical Examiner attributed the cause of death as "chest trauma, blunt force" and manner of death as "homicide". Howard's medical records show that he contracted pneumonia as a result of the punctured lung which he was treated for, and ultimately caused his death.

### PLAINTIFF'S STATEMENT OF DISPUTED MATERIAL FACTS

In response to Defendant's Statement of Undisputed Material Facts, Plaintiff does not controvert §§1, 2, 4, 6, 8, 9, 11, 12, and 13 of Defendant's Undisputed Material Facts.

1.     Plaintiff controverts paragraph 3 of Defendant's Undisputed Material Facts which states that, "Howard twice tried to get up into a runner's stance in order to flee again. Sgt Coffey tried to strike Howard in the thigh with his knee. However, because Howard was moving, Sgt Coffey's knee actually hit Howard in the abdomen. Sgt. Douglas Grady arrived to provide assistance between the second and third knee strikes administered by Sgt. Coffey in that, Robin Howard was on his stomach and it was impossible for a missing strike to hit the stomach. Additionaly, Howard stated in his interview with Lt. Ryan Boxwell on June 25, 2012, that when Officer Coffey caught up with him at the chain link fence, he just started wailing on Howard like, and was beating the hell out him.

Transcript of Robin Howard's statement p. 2 lines 1- 44; p. 3, lines 6- 10, marked as Exhibit No. 1.

2.    Plaintiff controverts paragraph 5 of Defendant's Undisputed Material Facts which states that, " In addition to the Defendant Officers, four witnesses who lived in a nearby house observed some or all of the struggler to take Howard into custody. Nerick Limon testified he saw one officer pull Howard off the fence and several others jump on top of Howard to get him handcuffed because "he was trying to get away." His wife Jessica, in contrast, testified "four or five officers snatched him down off the fence" and that " this man [Howard] was not fighting back." However, Ms Limon also testified that she heard the police say "get down, stop" and never saw Howard comply. Similarly, she testified Howard was handcuffed "in the middle of the beating" but then admitted she could not see Howard's arms. Jessica Limon also testified that the police officers were beating Howard. See Exhibit 2, Deposition of Jessica Limon, p. 23. When asked to describe what she saw, Ms Limon testified that, " I mean they were kicking him, and punching him and he wasn't even fighting back." Deposition of Jessica Limon, p. 23, ln 6-8.

3.    Plaintiff controverts paragraph 8 of Defendant's Undisputed Material Facts which states that, " None of these four witnesses saw any officers use a gun, baton, taser, flashlight or other weapon. Although, the witnesses did not see the officers use a gun, baton, taser or flashlight, they saw the officers use their fist as punches, and they continued to beat him even after Howard had been handcuffed. See Exhibit 2, Deposition

of Jessica Limon, p. 30, lns. 20-25; Exhibit 3, Deposition of Gerardo Ramos, p. 22, lns 4-14; Exhibit #4, Deposition of Nerick Limon, p. 18, lns 11-18.

4.      Plaintiff controverts paragraph 12 of Defendant's Undisputed Material Facts which states that, " Neither Sgt. Coffey nor Sgt. Grady explicitly heard Howard refuse treatment, but both overheard firemen say Howard had refused treatment. Based on this information, Sgt. Coffey spoke to EMSA personnel, and explained that if Howard was refusing medical treatment at the scene, Coffey was going to transport Howard to the hospital. Because of the prior automobile  accidents and the potential injury to Howard's arm or shoulder, Sgt. Coffee did not believe the jail would accept Howard without a medical clearance," in that, if indeed Defendants did not explicitly hear Howard refuse treatment, and the officers were concerned about the potential injuries already suffered by Howard, it was their duty, by law to have EMSA treat Howard at the scene, before transporting him  to the hospital. Additionally, the impact of Howard's collision with the other vehicle and the clothesline post were  described to be minor. See Exhibit 4, Medical Examiner's Report, p.2.

## ARGUMENT AND AUTHORITY

## PROPOSITION I

## SUMMARY JUDGMENT IN DEFENDANTS' FAVOR
## IS NOT WARRANTED IN THE INSTANT MATTER

This Court must consider all of the evidence in the light most favorable to the non-movant before it can determine that there are no genuine issues of material facts with

respect to Plaintiff's essential elements of her case. **Bolden v. PRC Inc., 43 F. 3d 545, 548 (10ᵗʰ Cir. 1994)**. The law regarding summary judgment in Oklahoma is clear. "Summary Judgment is only proper if the pleadings, discovery products on file, and affidavits, show that there are no genuine issues of material facts and that the movant is entitled to judgment as a matter of law. *"Phelps v. Hotel Management, Inc.,* **925 P.2d 891(Okl. 1996); *Fox v. Oklahoma Memorial Hospital,* 774 P.2d 459, 462 (Okl. 1989**). The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor. ***Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)**. The purpose of summary judgment is to avoid useless trials. ***Flick v. Crouch,* 434 P.2d 256, 262 (Okl. 1967)**. However, trial is only useless where reasonable persons might not reach different conclusions from the undisputed facts. *Id*.

However, the district court must resolve all reasonable doubts about the facts in favor of the non-movant. ***Hom v. Squire,* 81 F. 3d 973, (10ᵗʰ Cir. 1996)***;* It is therefore imperative for the movant for summary judgment to prove that there is no genuine issue about any material fact, and that the movant is entitled to judgment as a matter of law. *Id*. A fact is material if proof of the fact would establish or refute one of the essential elements of the cause of action asserted. ***Hadnot v. Shaw,* 826 P.2d 978, 985 (Okl. 1992*)*. On the other hand, a substantial controversy exists when reasonable persons could reach different conclusions from the undisputed facts. ***Crockett v. Mckenzie,* 867 P.2d 463, 464 (Okl. 1994*)*. This case is particularly not suited for summary judgment given

the testimony of eye witnesses that the deceased received severe beatings from the

Defendant police officers, the nature and extent of the decedent's injuries, and the

findings of the Medical Examiner as presented.

## PROPOSITION II

### BECAUSE  COFFEY AND GRADY'S CONDUCT MAY BE FOUND TO BE OUTSIDE THE SCOPE OF THEIR EMPLOYMENT, PLAINTIFF'S *BOSH* CLAIM MUST NOT BE DISMISSED

The Oklahoma Constitution explicitly states the following:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

**Article 2 § 30 of the Oklahoma Constitution.**  In ***Bosh v. Cherokee County Building***

***Authority,*** **2013 OK 9, 305 P. 3d 994, 997**, the Oklahoma Supreme Court noted that in

***Washington v. Berry***, **2002 OK 45, 55 P. 3d 1036**, the court had held that a private cause

of action "may exist" under Article 2 section 9 of the Oklahoma Constitution and the

Eighth Amendment of the United States Constitution, despite the provisions of the

Governmental Tort Claims Act. The Supreme Court in ***Bosh*** viewed the ***Washington v.***

***Berry*** case as recognizing that a "potential cause of action existed in spite of the

OGTCA" under the Oklahoma Constitution.  Consequently, the Court held that " The

OGTCA cannot be construed as immunizing the ***state*** completely from all liability for

violations of the constitutional rights of its citizens..... Therefore, we answer the

reformulated question and hold that the Oklahoma Const. Art No. Caps 2, section 30

7

provides a private cause of action for excessive force, notwithstanding the requirements and limitations of the OGTCA." Clearly, The Court's pronouncement is in relation to cases where the OGTCA would provide immunity to **state agencies or municipalities** such as this case.

Subsequently, in ***Perry v. City of Norman***, **2014 OK 119, 341 P.3d 689**, the Court clarified its holding in ***Bosh*** by stating that a ***Bosh*** claim for excessive force against a ***municipality*** as applied to police officers and other law enforcement personnel, may not be brought against a ***municipality*** when a cause of action under the OGTCA is available. In ***Perry***, the Plaintiff in that case alleged that he was beaten by police officers from the City of Norman. The Plaintiff filed a lawsuit against only the City of Norman and alleged that the City was liable for the actions of the police officers in violation of art. 2 sec. 30 of the Okla. Const. Pursuant to ***Bosh.***

Clearly, ***Perry*** is distinguishable from the case at bar, in that, while ***Perry*** dealt with a municipal liability, the ***Bosh*** claim in the instant case is brought against two police officers who used excessive force to effect an arrest. Indeed, as the Defendants correctly recognize, the ***Perry*** Court did not specifically relate the claim to an individual police officers, but rather explicitly held that " [A] ***Bosh v. Cherokee Building Authority***, claim for excessive force against a municipality, as applied to police officers and other law enforcement personnel, may not be brought when a cause of action under the Oklahoma Governmental Tort Claims Act, 51 O.S. 2011 §151 et seq (OGTCA) is available." ***Id*** at

690. Additionally, Plaintiff's state law claims are also plead as alternative theories of recovery and allege that Defendants' conduct to be wanton, and reckless which may negate the good faith requirement for scope of employment status.

Further, *Perr*y does not totally close the door on ***Bosh*** claims against municipalities. Rather, ***Perry*** states that a ***Bosh*** claim for excessive force by police officers can be maintained against a ***municipality*** when a cause of action is not available under the OGTCA. ***Perry* at 994.** However, in the case at bar, it is anticipated that Defendant City of Oklahoma City will deny liability as to the individual Officers' conduct, and place their conduct outside the scope of their employment. Should the individual Officers' actions are found to be outside the scope of their employment, there will be no remedy for the Plaintiff under the OGTCA, See 51 O.S. sec. 152 (11, 12) except a Bosh claim which can be used to provide a private cause of action against the municipality, the Defendant City of Oklahoma City.

With regards to Plaintiff's claims for emotional distress, Plaintiff's allegations are brought on behalf of the decedent Robin Howard. Plaintiff contends that the evidence showing that (1) Coffey and Grady acted intentionally and recklessly; (2) the Officers' conduct was extreme and outrageous; (3) Robin Howard experienced emotional distress; and (4) that emotional distress was severe. ***Lawmaster v. Ward, 125 F.3d 1341, 1353 (10th Cir. 1997)***.

Here, evidence from Robin Howard establishes that Coffey and Grady were

intentionally "wailing on him" and kicked him in the ribs. See Exhibit 1, Transcript of Robin Howard's interview. Additionally, the eye witnesses testified about seeing the officers punch and beat Robin Howard in the ribs and stomach area even after he was handcuffed. See Exhibit 2, Deposition of Jessica Limon, p. 30, lns. 20-25. After he was presented to the emergency room, Robin Howard was suffering from severe trauma to the chest, broken ribs, and collapsed lungs all caused by the beating he suffered at the hands of the arresting officers. See Exhibit 4, Medical Examiner's Report, p.2.

The fact that Robin Howard experienced severe emotional distress from the conduct of Defendant officers is indisputable. The evidence from the Defendants themselves also establishes that Robin Howard suffered emotional distress from Defendant's conduct to the extent that they drove him to the Emergency Room because they thought the jail would not even accept him without medical clearance. See Defendants' Statement Facts paragraph 12. Robin Howard was then admitted into the intensive care unit. (Defendant's Statement of Facts paragraph 13).

Thus, Defendants' conduct and practices, viewed within the totality of the circumstances is sufficient to satisfy the standard for intentional infliction of emotional distress as prescribed by the Oklahoma Supreme Court. Defendants' arguments and assertions that Defendants' conduct does not rise to the level of outrageous conduct is misplaced. The conduct of Coffey and Grady against Robin Howard "totally and completely exceeded the bounds of acceptable social interaction". ***Miller v. Miller, 956***

***P.2d 887, 901 (Okla. 1998).***

Clearly, the totality of the evidence in this case, as submitted by Plaintiff and other witnesses shows that Defendants' conduct and practices were deliberate, and knowing for the specific purpose of harming Robin Howard. Defendants, clearly used excessive force and beat up Robin Howard to humiliate and degrade him and to upset him. Consequently, Defendants' behavior is not "simply one of those unpleasant examples of human behavior which we all must endure from time to time", and far exceeds the test in *Miller*. Defendant's conduct describe a case in which the recitation of the facts to average member of the community would arouse their resentment against Coffey and Grady and lead them to exclaim, 'outrageous'!" ***Restatement (2nd )of Torts § 46 comment d.*** Therefore, the evidence creates a genuine issue of material facts which should preclude summary judgment. Defendants' Motion for Summary Judgment must therefore be denied.

With respect to Plaintiff's claim for "wanton and reckless conduct", it is clear that negligent and gross negligent issues are disputed fact issues and are therefore to be submitted to the jury. The Oklahoma version of the punitive damage statute reads as follows:

§ 9.1 **Punitive damages awards <u>by jury</u>.**

In an action for the breach of an obligation not arising from contract, **<u>the jury,</u>** in addition to actual damages, may, subject to the provisions and limitations in subsections B, C and D of this section, award punitive damages . . .

B. Category I. **Where the jury finds** by clear and convincing evidence that:

1. The defendant has been guilty of reckless disregard for the rights of others; . . . **the jury**, in a separate proceeding conducted **after the jury** has made such finding and awarded actual damages, may award punitive damages . . . .

There are two additional categories of punitive damages set forth in § 9.1 but the message is clear that the Legislature intended punitive damages is to be submitted to the jury where there is <u>any</u> evidence that would support an inference of reckless disregard. It is not until the third category of punitive damages that the Court makes a determination as to entitlement. Here, like general negligence, the evidence of sufficient recklessness for the rights of others is for the jury. 12 O.S. § 9.1. Evidence of the fact that Defendant recklessly used excessive force by punching and beating Howard in arresting him is clearly relevant to Defendant's "reckless disregard" of the safety of Howard. ***Overton v. State*, 606 P.2d 586 (Okla. Crim. 1979)**. See also ***Ritchey v. Rains*, 374 P.2d 772 (Okla. Crim. App. 1972)**. Reckless disregard for public safety allows punitive damages. See ***Thiry v. Armstrong World Industries*, 661 P.2d 515 (Okla. 1983)**. Reckless disregard includes being "aware of, or culpably indifferent to <u>unnecessary</u> risk of injury." ***Scrivner v. Hillcrest Medical Center*, 1992 OK CIV APP 117, 866 P.2d 437, 441.**

Where there is, as here, <u>any</u> evidence that would support an inference of reckless disregard for the safety of others, the Trial Court is not free to refuse to submit and instruct on the issue of punitive damages. ***Hightower v. Kansas City Southern Railroad Company*, 2003 OK 45, 70 P.3d 835, 850, note 28 (citing *Shuman v. Laverne Farmers***

12

***Coop*, 1991 OK CIV APP 2, 809 P.2d 76, 79).**  Even malice may be <u>presumed</u> when a person commits willful acts in reckless disregard of another's rights or safety.  ***Slocum v. Phillips Petroleum*, 678 P.2d 716, 719 (Okla. 1983)**.  Malice itself is defined by the Supreme Court in OUJI 5.6 as "<u>Either</u> hatred, spite, or ill will, or <u>else the doing of a wrongful act intentionally without just cause or excuse</u>."  Therefore no evil intent is required for even category II punitive damages.  Only the "doing of a wrongful act intentionally without just cause or excuse."  It can hardly be said the Defendants did not do a wrongful act, for clearly they did.  Further, it is clear Defendants did the wrongful act without just cause or excuse.

The Court is <u>not permitted to weigh the evidence</u> to determine whether punitive damages are to be submitted.  It is <u>only where there is no evidence whatsoever</u>, <u>including inferential or circumstantial</u>, that the Court may then refuse to instruct the jury on exemplary damages **<u>after the evidence is in.</u>**  ***Floyd v. Dodson*, 692 P.2d 77, 81 (Okla. 1984).**

## <u>Wanton and Reckless Conduct Is Not A Separate Cause Of Action.</u>

As this Court knows, punitive damages or gross negligence, or wanton and reckless conduct do not constitute a separate cause of action and are merely an element of recovery of the underlying cause of action.  ***Rodebush by and through Rodebush v. Oklahoma Nursing Homes, Limited*, 867 P.2d 1241 (Okla. 1993).**  Therefore, the same evidence that goes to the recovery of actual damages also goes to the recovery of punitive

damages, all of which damages are part of one and the same claim for relief. In Oklahoma a plea for punitive damages is redundant since a plea for general damages is sufficient to allow a plaintiff to recover both general damages and exemplary damages. ***Acton v. Culbertson*, 132 P. 812, 816 (Okla. 1913)**. This is also the general rule as stated in ***22 AM. JUR. 2D, DAMAGES, § 293***. As such, exemplary or punitive damages can never constitute an independent cause of action. ***Schmidt v. Warehouse Market*, 586 P.2d 724, 726 (Okla. 1978)**. Punitive damages and the evidence which would entitle Plaintiff to punitive damages are <u>incidental</u> to any claim for actual damages. *Id.* It is not a separate cause of action. *Id.*

Importantly, here the evidence that relates to whether Plaintiff is entitled to punitive damages cannot be separated from evidence for liability for actual damages. The evidence must go in all at once. Here, there is sufficient evidence and the reasonable inferences therefrom that Defendants recklessly and wantonly punched and beat Robin Howard , causing him to suffer severe injuries which ultimately caused his death. This is not a case of an act of simple negligence, but is one of reckless disregard.

In fact, to cover up their recklessness, Defendants have actually falsely attributed his injuries and the cause of his death to the impact of minor swipes his car had with the one vehicle and the clothesline post which the Medical Examiner's Office describe as "minor". see Exhibit 2, p. 2. They  also have falsely stated the cause of death to be as a result of the malpractice of the attending physicians at Integris Southwest Medical Center,

yet they have no medical expert to give evidence that Integris did something wrong in the treatment of Robin Howard.

These false statements by Defendants are evidence of Defendant's knowledge of their recklessness.

Defendants cite in support of their motion, ***Kimberly v. Dewitt, 1980 OK CIV APP2, 606 P. 2d 612***. The ***Kimberly*** case actually supports Plaintiff's position where at paragraph 6 the Court states, though the petition alleges "gross negligence and violence" against Cranston, DeWitt, Pollard, and the Maggards, the substance of the pleading states only a cause of action for assault and battery. What controls is not the pleader's designation of the nature of the cause of action; rather, it is the substance of the pleading and the nature of the issues raised thereby. ***(quoting Ganas v. Tselos, 157 Okl. 107, 11 P.2d 751, 751 (syllabus § 7), 755; Comstock v. Little, Okl., 359 P.2d 704, 705 (syllabus § 3).***

In the ***Kimberly*** case the Plaintiff's Petition alleged gross negligence and violence in the designation, but the substance of the pleading was for assault and battery. In the case at bar, although the designation reads "wanton and reckless conduct", the substance of the pleading is for negligence, gross negligence, and reckless and wanton conduct. Therefore, ***Kimberly*** is not on point and is distinguishable from the case at bar.

All that is necessary for punitive damages entitlement is for the Defendants to have "acted in reckless disregard of the rights of others." See 23 O.S. § 9.1(B),

> The jury finds by clear and convincing evidence:
> 1.  The defendant has acted <u>intentionally and with malice towards others</u>; . . . .

Therefore Defendants' argument with respect to Plaintiff's claim for wanton, and reckless conduct must be denied.

With respect to Defendants' contention that the statute of limitation for Plaintiff's claim for Assault and battery has run, Defendant's contention is misplaced, in that, it is the established law in Oklahoma that the question of when a plaintiff possessed sufficient information to trigger the running of the statute of limitations is one of fact to be determined by the jury. ***Lavender v. Craig General Hospital*, 2013 OK CIV APP 80, (quoting *Hawk Wing c. Lorton, 2011 OK 42, 261 P. 3d 1122, 1127; Gallagher v. Enid Regional Hosp., 1995 OK 137, 910 p.2d 984, 986*).**

In ***Lavender***, Plaintiff sued a hospital under the Government Tort Claims Act. Because certain facts in the plaintiff's laparoscopic procedure which was used to sterilize her were not known by the Plaintiff, the statute of limitation to sue all the defendants involved in her case expired. The Court held that, [Whether] Plaintiffs have used diligence in discovery, or should, as reasonably prudent persons have been put on inquiry and investigation from what they heard, or knew, was a question of fact to be determined in the trial court, on the basis of the facts and circumstances of the particular case. **(quoting *Flowers v. Stanley, 1957 OK 237, 316 P. 2d 840, 847.***

In the case at bar, although Robin Howard was arrested on June 19, 2012, and died

on June 24, 2012, the family of Robin Howard was not provided with the investigative results by the City of Oklahoma City until the year 2013. Because this case establishes facts that invoke estoppel and "diligence-discovery" issues, there are geniuine issues of material facts related to preclude summary judgement in this case.

**PROPOSITION III**

**<u>DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY</u>**

Defendants claim that they are entitled to qualified immunity. This Court is well aware that individual government actors retain their immunity unless the Plaintiff can show that they violated " clearly established statutory or constitutional rights of which a reasonable person would have known ." ***Harlow v. Fitzgerald*, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982)**. Coffey and Grady would , therefore, not be entitled to qualified immunity if they violated a clearly established constitutional right of Robin Howard.

Therefore, a court required to rule upon the qualified immunity issue must initially consider whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the officers' conduct violated a constitutional right. ***Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272, (2001)**. If, as is seen in the instant matter, a violation could be made out on a favorable view of the parties' submissions, the next step is to determine whether the right was clearly established. *Id.* This Court should also note that this inquiry should be examined in light of the specific

context of the case, not as a broad general proposition. *Id.*

In order for the law to be "clearly established " there must have been a Supreme Court or other Tenth Circuit decision on point so that "the contours of the right [were] sufficiently clear that a reasonable official would understand that what he is doing violates that rights." ***Finn v. New Mexico*, 249 F.3d 1241, 1250 (10th Cir. 2001) (quoting *Anderson v. Creighton*, 483 U.S. 635, , 640 (1987)).**

In essence, the relevant, dispositive inquiry in determining whether a right is clearly established,  is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted, ***Saucier*, 533 U.S. at 202**; see also ***Wilson v. Layne*, 526 U. S. 603, 615, 143 L. Ed. 2d 818, 119 S. Ct. 1692 (1999)** ("As we explained in *Anderson*, the right allegedly violated must be defined at the appropriate level of specificity before a court can determine if it was clearly established").

Excessive Force claims are governed by the Fourth Amendment's " objective reasonableness' standard." ***Cavanaugh v. Woods Cross City*, 625 F. 3d 661, 664 (10th Cir. 2010)**.  Under that standard the determination is whether the Officers' actions were " 'objectively reasonable' in light of the circumstances confronting them. ***Graham v. Connor,* 490 U.S. 386, 397, 109 S. Ct. 1865, 104 L. Ed 2d 443 (1989)**.  In her testimony during her deposition, Catalina Garcia Montiel testified that  she was an eyewitness to the arrest of Robin Howard, and saw the arresting officers, later identified as Coffey and Grady, hit Robin Howard in the stomach about three times. Exhibit 5, deposition of

Catalina Montiel, p. 27 lns 18-25.

Jessica Limon also testified that the police officers were beating Robin Howard See Exhibit 2, Deposition of Jessica Limon, p. 23. When asked to describe what she saw, Ms Limon testified that, " I mean they were kicking him, and punching him and he wasn't even fighting back." Deposition of Jessica Limon, p. 23, ln 6-8. They also saw  the officers continued to beat Robin Howrad even after Howard had been handcuffed. See Exhibit 2, Deposition of Jessica Limon, p. 30, lns. 20-25; Exhibit 3, Deposition of Gerardo Ramos, p. 22, lns 4-14; Exhibit #4, Deposition of Nerick Limon, p. 18, lns 11-18.

In  his final report and testimony, D. P. Van Blaricom testified that  based upon a careful evaluation of the totality of circumstances in this matter, it is his considered professional opinion that Robin Howard  was a victim of ***objectively unreasonable force*** mutually applied by defendant officers". See Final Report by Van Blaricom, ¶ 13.

In this case, Coffey and Grady,  should have reasonably known that it was established that under circumstances of arrest, any force used to effect the arrest should be objectively reasonable. Therefore, the allegations taken as true in this matter show that Coffey and Grady knew the clearly established law and knowingly violated that law. Therefore, Defendants are not entitled to qualified immunity, and their Motion must be denied.

**Genuine Issues of Material Facts Remain as to Whether**
**Coffey and Grady Violated Robin Howard's Constitutional Rights By** <u>Refusing</u>
<u>Howard Medical Assistance At The Scene Of The Arrest</u>

Plaintiff has presented this Court with genuine issues of material facts as to whether Coffey and Grady allowed emergency personnel treat Howard at the scene of the arrest. Specifically, police officers have duty to make sure persons received medical care and there is no GTCA immunity for such failure). ***Prichard v. City of Oklahoma City*, 1995 OK 5, 975 P. 2d 914.** In this case, all the eye witnesses to the arrest of Robin Howard have testified that they saw the ambulance arrive at the scene of the arrest after Howard had been placed in custody. See Plaintiff's Exhibits #s 1-4. The witnesses also testified the Emergency Medical Technicians (EMT) did not get down from the ambulance, but were rather met by one of the arresting of Officers who ordered the EMSA to leave . ***Id.***

However, Defendants contend that it was the Fire Department personnel, rather than Coffey or Grady who released EMSA. Interestingly, none of the eyewitnesses saw any fire trucks, nor did they see any officers in a Fire Department Uniform approach the EMSA. It was rather a police officer that they saw approach EMSA. See Exhibit 2, Jessica Limon, p. 32ln 21-25. Jessica Limon actually testified that " [A]n officer had went away from the group and spoke to the person in the ambulance. The ambulance person did not even step out of the vehicle. He – I mean, he might have took one step down off of that truck, but the officer– I don't know what he said, but they left." Exhibit

2, p. 25, Lns 5-10.

Plaintiff respectfully submits that a jury reviewing theses facts could reasonably find that the arresting Officers ordered the EMSA personnel to leave without treating Robin Howard, and that their conduct showed deliberate indifference to Howard's Constitutional rights. Specifically, the eye witnesses testimony establishes facts which taken in a light most favorable to Plaintiff, demonstrates that Coffey and Grady violated Robin Howard's Constitutional rights and creates a genuine issue of material facts sufficient to preclude summary judgment.

Respectfully submitted,

/s/ E. ED BONZIE                          
E. Ed Bonzie, OBA #15190
E. ED BONZIE, P.C,
8201 S. Walker
Oklahoma City, Oklahoma 73139
Telephone:   405-631-1021
Facsimile:    405-616-2488
Ed@edbonzielaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 23, 2015, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Richard C. Smith
Jennifer M.Warren
200 N. Walker, Suite 400
Oklahoma City, Oklahoma 73102

and

Stacy Haws Felkner
Susan Knight
FENTON, FENTON, RENEAU & MOON
211 N. Robinson, Suite 800 N
Oklahoma City, Oklahoma 73102

/s/ E. Ed Bonzie